In re: Robert Leo SHEPARD;
et al., Debtors,

**Robert Leo Shepard, Appellant,**

v.

**Glenn Conklin, Appellee.**

No. 10–60016.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 24, 2011.

Robert Leo Shepard, Oakhurst, CA, pro se.

David Ray Jenkins, David R. Jenkins, PC, Fresno, CA, for Appellee.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Robert Leo Shepard, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's summary judgment determining that Shepard's debt to Glenn Conklin was nondischargeable under 11 U.S.C. § 523(a)(4) and (a)(6). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New*
*Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir.2009). We review de novo the bankruptcy court's grant of summary judgment. *Id.* We affirm.

The bankruptcy court properly granted summary judgment based on issue preclusion because a prior, final state court decision between the parties necessarily decided that Shepard committed "defalcation while acting in a fiduciary capacity" with respect to Conklin and inflicted "willful and malicious injury" on him. *See* 11 U.S.C. §§ 523(a)(4) and (a)(6); *see also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001) (explaining that "[p]rinciples of collateral estoppel apply to proceedings seeking exceptions from discharge under 11 U.S.C. § 523(a)," and setting forth issue preclusion requirements under California law).

Shepard's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.